## Amelia Diehl, now Mrs. Amelia Kress, Plff. in Err., v. Amos Lee.

An agreement in writing to lease a room "by the month at $10 a month payable in advance," the room "to be given over to the same April 1, 1886," is a lease of the premises until April 1, 1886, and not from month to month.

(Argued May 18, 1887. Decided May 30, 1887.)

January Term, 1887, No. 381, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Lancaster County to review a judgment on a verdict for plaintiff in an action of debt for rent. Affirmed.

The *narr.* set out the devise, possession and default in payment, with an additional count for use and occupation. The defendant pleaded *nil debet.* It did not appear by the pleadings that the defendant was a married woman.

The facts appear by the following charge of the court, by PATTERSON, J.:

The action was brought to recover the amount of money alleged by the plaintiff to be a balance of rent owing by this defendant, formerly Amelia Diehl, now Amelia Kress. There is no dispute about her having signed this paper. It is signed by

---

NOTE.—A lease at a fixed sum per month without fixing a definite term is one from month to month. Hollis v. Burns, 100 Pa. 206, 45 Am. Rep. 379; Hess's Estate, 2 Woodw. Dec. 339; Wall v. Ullman, 2 Chester Co. Rep. ·178. See Brown v. Butler, 4 Phila. 71. But if an annual rent is fixed, though payable by the month, the lease is from year to year. Jones v. Kroll, 116 Pa. 85, 8 Atl. 857.

Amos Lee and Amelia Diehl. There is no dispute about the amount of money to be paid per month, $10. There is no dispute about the fact that she removed from there five months before the 1st of April, after she had remained there seven months and paid $10 a month, and that she then left. It is maintained on the part of the defendant that she had a right to leave when she pleased. I will read this lease.

"I, Amos Lee, of the first part, do hereby agree to lease room 250 West King street by the month at $10 a month, payable in advance, for a millinery store. Store room to be left in good condition, reasonable wear and tear excepted, to be given over to the same, April 1, 1886."

[Now, if this lease was under seal, we would charge you that that seems to imply that the lease should extend to the 1st of April, 1886. I cannot speak of this other paper, because it was not signed; but the testimony of the parties is, from Miss Diehl (Mrs. Kress) herself, that she would not sign the one, because it put it in the power of Amos Lee to terminate her lease at any time at the end of any month, and she would not sign that. This was written then; and you perceive that it fixes the rent per month, and when it shall be paid, in advance, at the beginning of each month. And then it says, "to be left in good condition, reasonable wear and tear excepted; to be given over to the same, April 1, 1886."

The testimony of Maggie Lee is that defendant did not sign the other, because it did not extend the time—because it gave Mr. Lee that power to put her out; so that while it is not under seal, it is therefore capable of being changed by parol testimony. Mrs. Kress says that at the time it was signed, she said she wanted to have the privilege of leaving at the end of any month, and Mr. Lee said: "Well, you pay the rent in advance, and it makes no difference. You can do as you please."

Now, if this was under seal, that testimony would not change the conditions of this lease, when it is contradicted by a witness on the other side. Yet the courts do hold that a lease under seal may be changed by parol, if the testimony is strong enough, and it may be reformed, looking at what was said at the time of signing, and if that induced any one of the parties to sign, although it was not in the written paper. But it is necessary for us to apply that law here. Then, the testimony of Mrs. Kress is denied by Amos Lee and by Mrs. Lee and Miss Maggie

Lee; and although Mrs. Kress said while she was going away, she made this remark about leaving, it was after the lease had been signed, and it would not change the character of the lease after it had been signed; unless it had been assented to by Amos Lee. She said he did assent to it. And Miss Maggie Lee says she was there, and she did not hear anything of that kind said by Mr. Lee. And so Mrs. Lee says. If you look at the preponderance of the evidence, you will have no difficulty on that point.]

Now, it is not disputed that when she came to return the key it was refused to be received. Now, there is such a thing as a landlord giving up his right to recover rent, and that explains the matter in regard to the key and its return at the end of the term, when she said Mr. Lee said: "It is all right." But the evidence here is that he refused to accept it, and that it was thrown upon the steps. Therefore, if it came into the possession of him or his wife in that way, it would not be a yielding up of the conditions of the lease; but if it was proved that a tenant had rented for a whole year, and the tenant should come to the landlord in the middle of the year, and should say to him, "I don't want to keep this property any longer," and gives the key to the landlord, and he accepts it without any objection, that prevents the landlord from recovering the rent for the balance of that year.

But if you believe the testimony, that he refused to take it,— and upon that point Mrs. Kress testified that he would not take it, and when he would not take it she threw it upon the steps, and then it was lifted up afterwards by Mrs. Lee, so as not to be lost,—it would not be an acceptance of the key on the part of Mrs. Lee; and therefore it would not release the tenant from paying the balance of the rent.

The court refused the following point submitted by the defendant:

"Under the pleadings and evidence in this case, the verdict should be in favor of the defendant."

The assignments of error specified: (1) The portion of the charge inclosed in brackets; and (2) the refusal of the point.

*John A. Coyle* for plaintiff in error.

*E. Franklin* for defendant in error.

PER CURIAM:

We do not affirm the correctness of the charge as to the different effect of oral evidence in reforming a written agreement not under seal, and one under seal; yet this form of submission worked no injury to the plaintiff in error. She has no cause to complain of the language used.

We think a correct construction of the written lease fixes the 1st of April, 1886, as the time of its termination; and there was no sufficient parol evidence to change its effect.

Judgment affirmed.